**E-Filed 9/7/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RITZ CAMERA & IMAGE, LLC, a Delaware limited liability company, on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION; ELIYAHOU HARARI,<br><br>Defendants. | Case Number 5:10-cv-02787-JF/HRL<br><br>ORDER[1] GRANTING REQUEST TO CERTIFY INTERLOCUTORY APPEAL<br><br>[Re: Docket No. 64] |

In an order dated February 24, 2011, this Court held that Plaintiff Ritz Camera & Image, LLC ("Ritz") has standing to bring a *Walker Process*[2] fraud claim against Defendants SanDisk Corporation ("SanDisk") and Eliyahou Harari ("Harari"). Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint, Dkt. 60. Pursuant to 28 U.S.C. § 1292(b),

---

[1] This disposition is not designated for publication in the official reports.

[2] *Walker Process Equip., Inc. v. Food Machinery & Chem. Corp.*, 382 U.S. 172, 177 (1965) (holding that a plaintiff may "strip [a patent-holder] of [his] exemption from the antitrust laws" if his patent has been procured by fraud.).

Defendants seek to certify this ruling for interlocutory appeal to the Federal Circuit.[3] The Court heard oral argument on May 6, 2011. For the reasons discussed below, the request for certification will be granted.

## I. BACKGROUND

Ritz filed the instant action on June 25, 2010, alleging violations of § 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 ("Sherman Act"). Ritz filed its first amended complaint ("FAC") as of right on August 25, 2010. On behalf of a purported class, Ritz asserts claims for monopolization of the flash memory market. In particular, Ritz alleges that Defendants have monopolized the market for NAND flash memory products[4] through the assertion of fraudulent patents. FAC ¶¶ 131-35. It claims that Defendants have reduced competition in the market by pursuing unfounded actions for patent infringement and by engaging in retaliatory conduct toward consumers who use competing products. *Id.*

## II. LEGAL STANDARD

A district court, in its discretion, may certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) if (1) there is a "controlling question of law," (2) on which there is "substantial ground for difference of opinion," and (3) "an immediate appeal . . . may materially advance the ultimate termination of the litigation. . ." *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). As the Ninth Circuit has recognized, § 1292(b) is to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and

---

[3] Proper appellate jurisdiction lies with the Federal Circuit when a *Walker Process* fraud theory is at issue. *In re DDAVP*, 585 F.3d 677, 685 (2d Cir. 2009); *See also McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 333-34 (4th Cir. 2001) ("while most appeals must be filed in the court of appeals for the circuit in which the district court is located, . . . only the Federal Circuit can hear an appeal when the district court's jurisdiction was based in whole or in part on 28 U.S.C. § 1338, which confers original jurisdiction over patent-related claims on district courts") (citations omitted); *See also* 28 U.S.C. § 1295(a)(1).

[4] NAND flash memory is a form of digital storage technology used in consumer electronic devices. FAC ¶¶ 1-2. It is available in a "raw" or a "finished" format. *Id.* "Raw" flash memory is the basic flash memory wafer that is produced by a fabrication plant or fab. *Id.* "Finished" flash memory products are used in or with various electronic products such as personal computers and digital cameras. *Id.*

1  expensive litigation." *Id.* at 1026 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475
2  (1978) (holding that "exceptional circumstances [must] justify a departure from the basic policy
3  of postponing appellate review until after the entry of a final judgment")); *see also James v.*
4  *Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (noting that § 1292(b) is
5  available only "[i]n rare circumstances").

## III. DISCUSSION

### A. The Availability of *Walker Process* Standing is a Controlling Question of Law

Defendants contend that the proper interpretation of the Supreme Court's ruling in *Walker Process* presents a controlling question of law that is potentially dispositive of all issues in the instant action. This Court observed previously that, "each of Ritz's claims[5] is dependent upon the theory that Defendants have engaged in the enforcement of fraudulently-obtained patents." Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint at 4, Dkt. 60. At oral argument, counsel for Ritz asserted that Defendants' exploitation of the allegedly invalid patents represents but one of several theories underlying Ritz's antitrust claim, and thus *Walker Process* standing is not essential to the claim. However, a plain reading of the FAC contradicts this assertion. In relevant part, Ritz pleads its antitrust claim as follows:

> SanDisk has monopolized the relevant market . . . and maintained that monopoly, by fraudulent omissions and misrepresentations in connection with the filing and prosecution of the '338 and '517 'crown jewel' patents, by conduct to exploit those invalid patents with infringement actions so as to exclude competition, by the [tortious] conversion of . . . technology so as to reduce competition in the relevant market, by threats to competitor customers and the termination of [Ritz], and by an anticompetitive settlement agreement . . .

FAC ¶ 132

All of Ritz's allegations in support of its claim are based upon the premise that Defendants have engaged in exclusionary patent fraud. *See, e.g., Id.* at ¶ 110 ("SanDisk has

---

[5] The FAC purports to assert claims for conspiracy to monopolize and monopolization of the NAND flash memory market. However, the Court has dismissed Ritz's conspiracy claim without leave to amend. Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint, Dkt. 60.

threatened . . . class members with the prospect that they will be left holding large quantities of unusable NAND flash memory products manufactured by [those] . . . that refuse to license SanDisk's fraudulent technology . . .); *Id.* at ¶ 111 (By terminating Ritz, "SanDisk seeks to suppress [Ritz's] attempt to show that SanDisk has systematically used fraudulent patents and stolen technology to exclude competition . . ."); *Id.* at ¶ 119 (The settlement with [STMicroelectronics, Inc. ("STM")] ensured that "one of [SanDisk's] most formidable competitors . . . would pose no further competitive challenge, nor continue to challenge the fraudulent patents SanDisk has repeatedly used to suppress competition."). Accordingly, in the absence of *Walker Process* standing, Ritz has no basis to assert its antitrust claim.

**B. There Are Substantial Grounds for Difference of Opinion on the Issue**

Because certification under § 1292(b) is appropriate only in "exceptional circumstances," substantial grounds for difference of opinion do not arise merely by virtue of a question's novelty. *See, e.g.*, *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."). Mere disagreement with the Court's ruling also is insufficient to create a substantial ground for difference of opinion. *See, e.g.*, *Mateo v. The M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992) ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing."). However, certification is appropriate where there is "a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." *APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003).

Here, the ruling in question falls within the realm of issues suitable for certification because neither the Supreme Court nor the Federal Circuit has ruled on a direct purchaser's ability to assert *Walker Process* claims. Moreover, there is a difference of opinion among the courts that have considered the issue. *See, e.g., In re K-Dur Antitrust Litigation*, No. 01-1652 (JAG), 2007 WL 5297755, at *13 (D. N.J. Mar. 1, 2007) ("only a party that has had a patent enforced against it, or has been threatened with suit, has standing to bring a *Walker Process* or 'sham litigation' claim."); *In re Netflix Antitrust Litigation*, 506 F. Supp. 2d 308, 316 (N.D. Cal.

2007) ("Even though *Walker Process* claims are predicated on enforcement of a fraudulently-obtained patent, the harm still accrues directly to consumers. . . . Accordingly, if plaintiffs can plead the other elements of their *Walker Process* claim, they have standing.") (citing *Molecular Diagnostics Laboratories v. Hoffman-La Roche, Inc.,* 402 F. Supp. 2d 276, 280 (D. D.C. 2005)).

### C. Immediate Appeal May Materially Advance the Termination of the Litigation

Defendants argue that certification of the interlocutory appeal will avoid expensive and protracted discovery. The Court agrees that on balance certification would further rather than frustrate resolution of the underlying dispute. The standing issue is important not only to the parties but also to future litigants who may be similarly situated.

### D. Request to Stay Discovery

Defendants request that discovery be stayed or limited pending resolution of the interlocutory appeal. "When considering a stay pending appeal pursuant to § 1292(b), the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Asis Internet Services v. Active Response Group*, No. C07 6211 THE, 2008 WL 4279695, at * 3-4 (N.D. Cal. Sep. 16, 2008) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir.1972) (quotations and citations omitted)). *See also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir .1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). In light of the well-documented cost of discovery in cases arising from or related to intellectual property disputes, the Court finds that a stay is warranted here.

## IV. ORDER

Good cause therefor appearing, Defendants' request to certify the Court's *Walker Process* standing ruling for interlocutory appeal to the Federal Circuit is GRANTED. Discovery is stayed pending resolution of the appeal or until further order of the Court.

**IT IS SO ORDERED.**

DATED: September 6, 2011

_____
JEREMY FOGEL
United States District Court