Colleen Duffy-Smith, State Bar No. 161163
cduffy-smith@mdstlaw.com
Morgan Duffy-Smith & Tidalgo LLP
1960 The Alameda, Suite 220
San Jose CA 95126
(408) 244-4570

[Additional counsel on signature page]

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| RITZ CAMERA & IMAGE, LLC a Delaware Limited Liability Company, On Behalf of Itself and Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION,<br><br>Defendant. | **CASE NO. CV 10-02787-SBA**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO TRANSFER PLAINTIFF'S INTEREST**<br>[Fed. R. Civ. P. 25(c)]<br><br>Hearing Date: May 14, 2013<br>Judge: Hon. Saundra Brown Armstrong<br>Time: 1:00 p.m.<br>Place: Courtroom 1, Oakland |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 14, 2013, at 1:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California, in the courtroom of Senior District Judge, Hon. Saundra Brown Armstrong, Plaintiff Ritz Camera & Image, LLC will and hereby does move the Court to substitute Alfred T.

Giuliano, Chapter 7 Trustee of Ritz Camera & Image, LLC, for Ritz Camera & Image, LLC as the Plaintiff in this action pursuant to Fed. R. Civ. P. 25(c). Since the commencement of this action in 2010, Ritz Camera & Image, LLC ("Ritz") has sought bankruptcy protection. The ownership of its legal claim asserted against SanDisk Corp. has passed to the Estate.

Defendant has opposed this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under Rule 25(c), if a cause of action is transferred during the course of litigation, the transferee may be substituted for the original party.[1] "It is well settled that the right to pursue causes of action formerly belonging to the debtor . . . vests in the trustee for the benefit of the estate . . . ." *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). Therefore, "[w]hen, as here, the Plaintiffs' causes of action vest in the bankruptcy trustee after the initiation of the lawsuit, Rule 25(c) ensures that the proper person litigates the claims." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 382 (D.N.J. 2006); *see Adels v. Bierbach ex rel. Elders*, 2011 WL 1457132, at *4-*5 (M.D. Pa. Apr. 15, 2011) (explaining that "[t]ransfers of property to a Chapter 7 Trustee following the bankruptcy of a party are included among these transfers of interest that courts have found support [Rule 25(c)] substitution" and citing examples). This rule is "wholly permissive," and includes "no time limit on moving to substitute" in place of the transferee. 7C Charles A. Wright et al., *Federal Practice and Procedure* § 1958 (3d ed. 2012).[2]

---

[1] Rule 25(c) covers transfer of an interest during the pendency of a case. Rule 17(a) covers situations in which an interest is transferred before the case is filed. *See F.D.I.C. v. Deglau*, 207 F.3d 153, 159 n.2 (3d Cir. 2000).

[2] The service of a bankruptcy trustee as named plaintiff in a class action is not uncommon. For example, Chapter 11 trustee for Circuit City is currently the putative class representative in another antitrust class action in the Northern District of California, assigned to the Hon. Yvonne Gonzalez Rogers. *See Siegel v. LG Chem, Ltd.*, No. 4:12-cv-05678-YGR (N.D. Cal. filed Nov. 5, 2012), *consolidated with In re Lithium Ion Batteries Antitrust Litigation*, 4:13-md-02420-YGR (N.D. Cal. MDL established Feb. 6, 2013).

Upon transfer, the party which enters a case as the legal successor receives the status which the predecessor possessed at the time the successor entered the case. *See Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995) ("[A] successor takes over without any other change in the status of the case . . . .").

Because Ritz's legal claim against SanDisk has passed to the Estate, Ritz respectfully requests that the Court substitute Alfred T. Giuliano, Chapter 7 Trustee, as the Plaintiff pursuant to Rule 25(c). A proposed Order is attached.

Dated: March 19, 2013                                           Respectfully submitted,

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL PLLC
Steven F. Benz (D.C. Bar No. 428026)
Joseph S. Hall (D.C. Bar No. 475057)
1615 M St., N.W.
Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Telecopy: (202) 326-7999
Email: sbenz@khhte.com
       jhall@khhte.com

/s/ R. Stephen Berry
BERRY LAW PLLC
R. Stephen Berry (D.C. Bar No. 234815)
1717 Pennsylvania Ave. NW
Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Telecopy: (202) 296-3038
Email: sberry@berrylawpllc.com

Colleen Duffy-Smith
MORGAN DUFFY-SMITH &
TIDALGO LLP
Colleen Duffy-Smith (CA Bar No. 161163)
1960 The Alameda, #220
San Jose CA 95126
Telephone: (408) 244-4570
Email: cduffysmith@mdstlaw.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I, Colleen Duffy-Smith, hereby certify that on March 19, 2013 the foregoing has been served upon counsel for San Disk via the Court's electronic notification

/s/ Colleen Duffy-Smith

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| RITZ CAMERA & IMAGE, LLC a Delaware Limited Liability Company, On Behalf of Itself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION,<br><br>Defendant. | **CASE NO. CV 10-02787-SBA**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER PLAINTIFF'S INTEREST** |

Having reviewed Plaintiff's Motion to Transfer Plaintiff's Interest and for good cause shown,

IT IS ORDERED that the Estate of Alfred T. Giuliano Chapter 7 Trustee of Ritz Camera & Image, LLC is substituted for Ritz Camera & Image, LLC as party Plaintiff.

Dated: _____, 2013

_____
Honorable Saundra Brown Armstrong
U.S. District Court Judge