UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RITZ CAMERA & IMAGE, LLC, a Delaware Limited Liability Company, On Behalf of Itself and Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>SANDISK CORPORATION, ELIYAHOU HARARI,<br><br>    Defendants. | Case No:  C 10-02787 SBA<br><br>**ORDER GRANTING MOTION TO TRANSFER INTEREST**<br><br>Docket 116 |

Plaintiff Ritz Camera & Image, LLC ("Ritz") brings the instant antitrust action against Defendants SanDisk Corporation ("SanDisk") and Eliyahou Harari ("Harari") under § 2 of the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. § 2.  The parties are presently before the Court on Ritz's motion to transfer its interest under Rule 25(c) of the Federal Rules of Civil Procedure.  Dkt. 116.  Specifically, Ritz moves for an order substituting Alfred T. Giuliano, Chapter 7 Trustee ("Trustee"), as the named Plaintiff in this action on the ground that its claims have passed to the bankruptcy estate.  Id.  SanDisk opposes the motion.  Dkt. 119.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Ritz's motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

///

## I. BACKGROUND

On June 25, 2010, Ritz commenced the instant action against SanDisk and Harari on behalf of itself and a putative class of direct purchasers of NAND flash memory products,[1] alleging claims under the Sherman Act. Compl., Dkt. 1. Ritz filed a first amended complaint ("FAC") on August 25, 2010. FAC, Dkt. 27.

The FAC alleges claims under the Sherman Act for conspiracy to monopolize and monopolization of the market for NAND flash memory products through the assertion of fraudulent patents. See FAC ¶¶ 124-135. Ritz alleges that SanDisk has fraudulently procured two patents central to its flash memory business - U.S. Patent Nos. 5,172,338 and 5,991,517 - by failing to disclose known prior art and making affirmative misrepresentations to the Patent and Trademark Office ("PTO"). See id. ¶¶ 4, 35-36, 126, 132. Ritz further alleges that SanDisk established its monopoly position by enforcing its patents against its competitors, by threatening its competitors' customers, by terminating Ritz's supply of NAND flash memory, and by entering into an anti-competitive settlement with a competitor. Id. ¶¶ 4-10, 126, 132. According to Ritz, the actions of SanDisk have caused direct purchasers to pay "above-competitive" monopoly prices for NAND flash memory products. Id. ¶ 13, 130, 134.

On October 1, 2010, SanDisk moved to dismiss the FAC. Dkt. 39. On February 24, 2011, Judge Fogel issued an order granting in part and denying in part SanDisk's motion. Dkt. 60. Judge Fogel granted the motion as to Ritz's conspiracy to monopolize claim without leave to amend, and denied the motion as to Ritz's monopolization claim. Id. Among its arguments for dismissal, SanDisk asserted that Ritz lacked standing to bring a

---

[1] NAND flash memory is a form of digital storage technology used in consumer electronic devices. FAC ¶¶ 1-2. It is available in a "raw" or a "finished" format. Id. "Raw" flash memory is the basic flash memory wafer that is produced by a fabrication plant or fab. Id. "Finished" flash memory products are used in or with various electronic products such as personal computers and digital cameras. Id.

Walker Process[2] antitrust claim based on the invalidity or unenforceability of SanDisk's patents because Ritz faced no threat of an infringement action and had no other basis to bring a declaratory judgment action challenging the patents. See Dkt. 39. Judge Fogel rejected SanDisk's argument, finding that Ritz has standing to bring a Walker Process fraud claim against SanDisk. See Dkt. 60. On September 23, 2011, Judge Fogel granted SanDisk's request to certify this ruling for interlocutory appeal to the Federal Circuit. Dkt. 84. On September 28, 2011, the case was reassigned to the undersigned. Dkt. 86.

On January 13, 2012, the Federal Circuit granted SanDisk's petition for permission to appeal the issue of whether direct purchasers of patented products may bring a Walker Process antitrust claim challenging a patent's validity with no threat of an infringement suit. Dkt. 88. On November 29, 2012, the Federal Circuit issued an opinion affirming Judge Fogel's ruling, holding that Ritz's status as a direct purchaser gives it standing to pursue its Walker Process antitrust claim even if it cannot seek a declaratory judgment of patent invalidity or unenforceability against SanDisk under the patent laws. Dkt. 97. The mandate issued on December 31, 2012. Dkt. 99. The parties are now before the Court on Ritz's motion to transfer its interest under Rule 25(c). Dkt. 116.

## II. DISCUSSION

The federal rules require that a civil action be prosecuted in the name of the real party in interest. Fed.R.Civ.P. 17(a)(1). Rule 17 requires courts to allow the real party in interest to "ratify, join, or be *substituted* into the action." Fed.R.Civ.P. 17(a)(3) (emphasis added). When a plaintiff files for bankruptcy after the initiation of its suit, the claims become the property of the bankruptcy estate and the trustee of the estate becomes the real party in interest. See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1292 (11th Cir. 2003); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707-709 (9th Cir. 1986).

---

[2] In Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172 (1965), the Supreme Court held that antitrust liability may attach when a party uses a patent to obtain or preserve a monopoly if the patent was procured through intentional fraud on the PTO. See id.

Rule 25(c) allows a court to substitute a party upon a transfer of interest. Esparza v. Indymac Bank, F.S.B., 2010 WL 2925391, at *2 (N.D. Cal. 2010) (Armstrong, J.) Specifically, Rule 25(c) provides: "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed.R.Civ.P. 25(c); see Educational Credit Management Corp. v. Bernal (In re Bernal), 207 F.3d 595, 598 (9th Cir. 2000) (stating that Rule 25(c) allows an action to continue unabated when an interest in the lawsuit changes hands). Permitting the substitution of a Chapter 7 Trustee in the place of a bankrupt party is among the transfers of interest that courts have found support substitution under Rule 25(c). See Bauer v. Commerce Union Bank, 859 F.2d 438, 441-442 (6th Cir. 1988) (finding that district court did not abuse discretion by permitting the substitution of the bankruptcy trustee in the place of the bankrupt party). The decision to grant or deny substitution under Rule 25(c) rests within the sound discretion of the court. In re Bernal, 207 F.3d at 598.

Here, a transfer of interest within the meaning of Rule 25(c) occurred when Ritz filed for bankruptcy. At that time, the claims alleged in this action became the property of the bankruptcy estate and the trustee of the estate became the real party in interest. SanDisk does not dispute that Ritz's claims are the property of the bankruptcy estate or that the Trustee is the real party in interest. Nor does SanDisk oppose "the transfer of Ritz's interest to [the Trustee]," i.e., the substitution of the Trustee as the Plaintiff in this action. Dkt. 130. Rather, SanDisk opposes the Trustee's "service as the representative of a putative class." Id. SanDisk contends that the Trustee cannot serve as the class representative in this action due to conflicts of interest between his duties to the creditors of the bankruptcy estate and his duties to members of the class. Dkt. 119. As such, SanDisk requests the Court condition the granting of Ritz's motion on "all of the class action allegations [in the FAC] being stricken with prejudice." Dkt. 119.

In support of its position, SanDisk principally relies on a case outside the Ninth Circuit: Dechert v. Cadle Co., 333 F.3d 801, 803 (7th Cir. 2003). In Dechert, the Seventh

1 Circuit addressed whether a bankruptcy trustee could serve as a class representative. While
2 explicitly stating that it "do[es] not want to lay down a flat rule that a trustee in bankruptcy
3 (or, what is the equivalent, a debtor in possession) can never be a class representative,"[3] the
4 court held that the trustee in that case was an inadequate representative due to the inherent
5 conflict of interest in the trustee's dual role as representative of both the estate and the class.
6 See id. at 803-804 (vacating class certification). The court also noted that a separate
7 conflict of interest existed; namely, the defendant in the class action was affiliated with a
8 creditor to the estate that the trustee represented, thereby putting the trustee on both sides of
9 the action. Id.

In reaching its conclusion that the trustee was an inadequate representative, the Seventh Circuit noted that a class representative always has some conflict of interest between his own interests and that of the class. Dechert, 333 F.3d at 803. It then went on to explain the difference between a typical class action and a class action where the named plaintiff is a trustee in bankruptcy:

> The difference is that in the usual class action the named plaintiff is a nominal party and the real party is the lawyer for the class. The lawyer has no reason to favor the named plaintiff over the rest of the class members. When the named plaintiff is a fiduciary, however, he cannot just 'go along' with the class lawyer. He has a duty to seek to maximize the value of his claim, and this duty may collide with his fiduciary duty as a class representative (if he is permitted to be the class representative) to represent all members of the class equally. Such a collision is especially likely in a case in which the fiduciary is a trustee in bankruptcy, because class-action litigation tends to be protracted yet the Bankruptcy Code requires the trustee to complete his work expeditiously.

Id.

While the Court has concerns as to whether the Trustee can serve as an adequate class representative in this action based on his dual role as representative of both the bankruptcy estate and the class, the Court finds that a determination regarding the adequacy of the Trustee as a class representative is premature. Class discovery is in the early stages

---

[3] In Dechert, the court indicated that a bankruptcy trustee may serve as a class representative where the potential recovery to the individual members of the class is substantial and if a fiduciary is the only available representative. Dechert, 333 F.3d at 803.

1  and the Court has not established a deadline to amend the pleadings or to file a class
2  certification motion.  Given the relatively early stage of the proceedings, it is not clear
3  whether additional class representatives will be added following class discovery.  See In re
4  Rail Freight Fuel Surcharge Antitrust Litigation, 287 F.R.D. 1, 34 (D.D.C. 2012) (declining
5  to disqualify bankruptcy trustee as a named representative at the class certification stage;
6  noting that "other courts have allowed such representation where, as here, "an additional
7  representative [is designated] to appear as plaintiff along with the Trustee[.]") (citing Ernst
8  & Ernst v. U.S. Dist. Court for the S. Dist. of Tex., 457 F.2d 1399, 1400 (5th Cir. 1972)).
9  Further, it is not evident at this state of the litigation that the Trustee cannot adequately
10  represent the interests of the class such that Ritz's motion to substitute the Trustee as the
11  named Plaintiff should be denied.  It is undisputed that the separate conflict of interest that
12  existed in Dechert is not present in this case.  SanDisk is not a creditor of Ritz's bankruptcy
13  estate, and therefore the Trustee is not on both sides of the controversy.[4]

14  In light of the foregoing, the Court will not reach the issue of whether the Trustee is
15  an adequate class representative at this juncture.  The Court finds that a determination of
16  whether there is an adequate class representative, including whether the Trustee is an
17  adequate class representative, is more appropriately decided on a motion for class
18  certification after the parties have had an opportunity to conduct class discovery and a
19  motion for class certification has been filed.[5]  Accordingly, because it is undisputed that the
20  claims in this action are the property of the bankruptcy estate and that the Trustee is the real

---

[4] In this regard, the instant action is distinguishable from a case relied upon by SanDisk: In re Merrill Lynch & Co., Inc. Research Reports Securities, 375 B.R. 719, 727-728 (S.D.N.Y. 2007) (denying motion to substitute trustee at the pre-certification stage where it was "readily apparent" that the trustee was an inadequate class representative because substitution would result in "an incurable conflict of interest" as the trustee would have the obligation to represent the interests of Merrill Lynch, the largest creditor of the estate, and to prosecute the action on behalf of the class against Merrill Lynch, the defendant).

[5] In support of its contention that the Trustee is not an adequate class representative, SanDisk objects to portions of the Trustee's declaration filed in support of Ritz's motion to transfer its interest.  Dkt. 130.  However, because the Court will not determine at this time whether the Trustee is an adequate class representative, the Court will not reach the merits of SanDisk's objections.

party in interest, and because SanDisk does not oppose the transfer of Ritz's interest to the Trustee, Ritz's motion to transfer its interest is GRANTED. The Trustee shall be substituted as the named Plaintiff in this action in the place of Ritz.

To the extent SanDisk requests the Court condition the granting of Ritz's motion on "all of the class action allegations [in the FAC] being stricken with prejudice," Dkt. 119, the Court denies this request. SanDisk has not demonstrated that this is the rare case in which class action allegations should be stricken at the pleading stage, let alone stricken with prejudice. See In re Wal-Mart Stores, Inc. Wage and Hour Litig., 505 F.Supp.2d 609, 614-616 (N.D. Cal. 2007) (Armstrong, J.) (dismissal of class allegations at the pleading stage should be done rarely); see also Cholakyan v. Mercedes-Benz USA, LLC, 796 F.Supp.2d 1220, 1245-1246 (C.D. Cal. 2011) (it is rare to strike class allegations at the pleading stage in advance of a motion for class certification) (citing cases).

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Ritz's motion to transfer its interest is GRANTED. The Clerk shall substitute Alfred T. Giuliano, Chapter 7 Trustee, as the named Plaintiff in this action in the place of Ritz.

2. This Order terminates Docket 116.

IT IS SO ORDERED.

Dated: July 5, 2013

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge