UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALFRED T. GIULIANO, the Chapter 7 Trustee of the Ritz bankruptcy estate,<br><br>Plaintiff,<br><br>vs.<br><br>SANDISK CORPORATION, ELIYAHOU HARARI,<br><br>Defendants. | Case No: C 10-02787 SBA<br><br>**ORDER**<br><br>Docket 132 |

On June 25, 2010, Ritz Camera & Image, LLC ("Ritz") commenced the instant antitrust class action on behalf of itself and a putative class against Defendants SanDisk Corporation ("SanDisk") and Eliyahou Harari ("Harari") alleging claims under § 2 of the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. § 2. See Compl., Dkt. 1. On July 5, 2013, the Court issued an Order substituting Alfred T. Giuliano, Chapter 7 Trustee of the Ritz bankruptcy estate, as the named Plaintiff in this action. Dkt. 138. The parties are presently before the Court on Plaintiff's motion for leave to file a second amended complaint ("SAC"). Dkt. 132. SanDisk opposes the motion. Dkt. 134. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

///

///

I. **BACKGROUND**

On June 25, 2010, Ritz filed a class action complaint against SanDisk and Harari on behalf of itself and a putative class of direct purchasers of NAND flash memory products,[1] alleging claims under the Sherman Act. Compl., Dkt. 1. A first amended complaint ("FAC") was filed on August 25, 2010. FAC, Dkt. 27.

The FAC alleges claims under the Sherman Act for conspiracy to monopolize and monopolization of the market for NAND flash memory products through the assertion of fraudulent patents. See FAC ¶¶ 124-135. Plaintiff alleges that SanDisk has fraudulently procured two patents central to its flash memory business - U.S. Patent Nos. 5,172,338 and 5,991,517 - by failing to disclose known prior art and making affirmative misrepresentations to the Patent and Trademark Office ("PTO"). See id. ¶¶ 4, 35-36, 126, 132. The FAC further alleges that SanDisk established its monopoly position by enforcing its patents against its competitors, by threatening its competitors' customers, by terminating Ritz's supply of NAND flash memory, and by entering into an anti-competitive settlement with a competitor. Id. ¶¶ 4-10, 126, 132. According to Plaintiff, the actions of SanDisk have caused direct purchasers to pay "above-competitive" monopoly prices for NAND flash memory products. Id. ¶ 13, 130, 134.

On October 1, 2010, SanDisk moved to dismiss the FAC. Dkt. 39. On February 24, 2011, Judge Fogel issued an order granting in part and denying in part SanDisk's motion. Dkt. 60. Judge Fogel granted the motion as to the conspiracy to monopolize claim without leave to amend, and denied the motion as to the monopolization claim. Id. Among its arguments for dismissal, SanDisk asserted that Ritz lacked standing to bring a Walker

---

[1] NAND flash memory is a form of digital storage technology used in consumer electronic devices. FAC ¶¶ 1-2. It is available in a "raw" or a "finished" format. Id. "Raw" flash memory is the basic flash memory wafer that is produced by a fabrication plant or fab. Id. "Finished" flash memory products are used in or with various electronic products such as personal computers and digital cameras. Id.

Process[2] antitrust claim based on the invalidity or unenforceability of SanDisk's patents because Ritz faced no threat of an infringement action and had no other basis to bring a declaratory judgment action challenging the patents. See Dkt. 39. Judge Fogel rejected SanDisk's argument, finding that Ritz has standing to bring a Walker Process fraud claim against SanDisk. See Dkt. 60. On September 23, 2011, Judge Fogel granted SanDisk's request to certify this ruling for interlocutory appeal to the Federal Circuit. Dkt. 84. On September 28, 2011, the case was reassigned to the undersigned. Dkt. 86.

On January 13, 2012, the Federal Circuit granted SanDisk's petition for permission to appeal the issue of whether direct purchasers of patented products may bring a Walker Process antitrust claim challenging a patent's validity with no threat of an infringement suit. Dkt. 88. On November 29, 2012, the Federal Circuit issued an opinion affirming Judge Fogel's ruling, holding that Ritz's status as a direct purchaser gives it standing to pursue its Walker Process antitrust claim even if it cannot seek a declaratory judgment of patent invalidity or unenforceability against SanDisk under the patent laws. Dkt. 97. The mandate issued on December 31, 2012. Dkt. 99.

On July 5, 2013, the Court granted Ritz's motion to transfer its interest under Rule 25(c) of the Federal Rules of Civil Procedure, substituting Alfred T. Giuliano, Chapter 7 Trustee of the Ritz bankruptcy estate, as the named Plaintiff in this action. Dkt. 138. The parties are presently before the Court on Plaintiff's motion for leave to file a SAC. Dkt. 132. SanDisk opposes the motion. Dkt. 134.

## II. DISCUSSION

### A. Legal Standard

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e),

---

[2] In Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172 (1965), the Supreme Court held that antitrust liability may attach when a party uses a patent to obtain or preserve a monopoly if the patent was procured through intentional fraud on the PTO. See id.

1   or (f), whichever is earlier. Fed.R.Civ.P. 15(a)(1). "In all other cases, a party may amend
2   its pleading only with the opposing party's written consent or the court's leave. The court
3   should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).[3] "This policy is
4   to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
5   1048, 1051 (9th Cir. 2003) (quotation marks omitted).

6   The United States Supreme Court has identified the following factors a district court
7   should consider in deciding whether to grant leave to amend: (1) undue delay, (2) bad faith
8   or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by
9   amendments previously allowed; (4) undue prejudice to the opposing party by virtue of
10  allowance of the amendment; and (5) futility of amendment. Foman v. Davis, 371 U.S.
11  178, 182 (1962); see also Eminence Capital, 316 F.3d at 1052.

12  Not all of the factors merit equal weight; it is the consideration of prejudice to the
13  opposing party that carries the greatest weight. Eminence Capital, 316 F.3d at 1052
14  ("'Prejudice is the 'touchstone of the inquiry under rule 15(a).' "). "Absent prejudice, or a
15  strong showing of any of the remaining Foman factors, there exists a presumption under
16  Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

17  The party opposing the amendment carries the burden of showing why leave to
18  amend should not be granted. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187
19  (9th Cir. 1987). The decision to grant or deny a request for leave to amend rests in the
20  discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th
21  Cir. 2004).

22  **B.  Motion for Leave to File A SAC**

23  In the instant motion, Plaintiff requests leave to amend the FAC in several respects.
24  Specifically, Plaintiff seeks to file a SAC that refines the definition of the relevant antitrust
25  market, specifies that members of the proposed class must reside in the United States,

26
27  [3] Here, because Plaintiff's motion for leave to file a SAC was filed more than 21 days after SanDisk filed an answer to the FAC, and because SanDisk does not consent to
28  amendment of the FAC, Plaintiff cannot file the proposed SAC without leave of Court.

eliminates Harari as a Defendant, clarifies the nature and source of Plaintiff's antitrust standing, and corrects minor errors. Pl.'s Mtn. at 2. SanDisk opposes the motion primarily on the ground that the proposed SAC realleges a claim for conspiracy to monopolize under the Sherman Act. Def.'s Opp. at 1, 3-5. SanDisk contends that leave to amend should be denied because this claim was dismissed with prejudice by Judge Fogel. Id. In response, Plaintiff does not dispute that his conspiracy claim was dismissed with prejudice by Judge Fogel. Nor does he seek to "revive" this claim by realleging it in the SAC as SanDisk contends.[4] Pl.'s Reply at 2. Instead, Plaintiff requests leave to reallege this claim "to preserve the issue for further review [i.e., appeal] and to avoid the inference that [he] has waived this count." Id. at 3.

The Ninth Circuit has recently held that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal. Lacey v. Maricopa County, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc) (overruling in part the rule found in prior Ninth Circuit cases holding that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint).[5] In so holding, the Ninth Circuit explained:

> We see no benefit in requiring plaintiffs to reallege claims that the district courts have already dealt with on the merits and dismissed with prejudice. Even where the district court recognizes that plaintiffs are just . . . preserving

---

[4] Plaintiff states that "[f]or avoidance of doubt, Plaintiff does not object to any order from this Court clarifying that Plaintiff's conspiracy count remains dismissed with prejudice, and Plaintiff is willing to enter a stipulation or provide a form order to this effect." Pl.'s Reply at 4.

[5] To the extent Plaintiff contends that the law of the Federal Circuit governs this issue, Pl.'s Mtn. at 3, the Court disagrees. According to Plaintiff, any appeal of this case will be heard by the Federal Circuit. Id. However, even assuming Plaintiff is correct, the law of the Ninth Circuit governs the procedural issue of whether claims dismissed with prejudice must be realleged in a subsequent amended complaint to preserve them for appeal. In matters of procedure that do not involve a substantive patent law issue, the Federal Circuit applies "the law of the regional circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law." O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1364 (Fed. Cir. 2006); see Slip Track Sys., Inc. v. Metal-Lite, Inc., 304 F.3d 1256, 1270 (Fed. Cir. 2002) (applying Ninth Circuit law to determine whether good cause had been shown for modifying pretrial scheduling order because whether the requirements of Rule 16(b) have been met is a procedural issue not pertaining to patent law).

> their options on appeal, the court will still be wasting resources in parsing old claims and reiterating its prior rulings, and there is no reason to make the court dismiss them a second time. Our stewardship requires better use of our limited judicial resources.

Id. (citation and quotation marks omitted).

The Ninth Circuit further explained that a rule requiring plaintiffs to reallege claims dismissed with prejudice in a subsequent amended complaint is unfair to plaintiffs because it creates a "Hobson's choice[,] . . . a patently coercive predicament between amending the complaint—thereby forgoing the chance to appeal the dismissal of some claims—and appealing the dismissal of the claims in the original complaint—thereby forgoing the chance to add or replead claims that the plaintiff would otherwise be allowed to add." Lacey, 693 F.3d at 927 (noting that plaintiffs are faced with a choice between "failing to preserve issues for appeal and risking sanctions by realleging dismissed claims") (citation and internal quotation marks omitted). The Ninth Circuit also concluded that the rule is "unfair to the defendants to whom dismissal was granted insofar as it encourages the plaintiff to reallege claims against defendants who have already been dismissed and may feel they must return to court to answer the same claims again." Id. at 927-928.

While it is not improper under Lacey for Plaintiff to reallege his conspiracy claim in the SAC,[6] the Court sees no benefit in allowing Plaintiff to do so in this case. The only reason Plaintiff advances in support of this request is to preserve his right to appeal the dismissal of this claim. However, because Plaintiff is not required to reallege his conspiracy claim to preserve it for appeal, and because the Court finds that the interests of judicial economy are served by denying Plaintiff's request to do so, Plaintiff's motion is denied to the extent it requests leave to reallge a conspiracy to monopolize claim. See Lacey, 693 F.3d at 928 ("Even where the district court recognizes that plaintiffs are just . . . preserving their options on appeal, the court will still be wasting resources in parsing old

---

[6] The Ninth Circuit held that "[f]or claims dismissed with prejudice and without leave to amend, *we will not require* that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." Lacey, 693 F.3d at 928 (emphasis added).

claims and reiterating its prior rulings, and there is no reason to make the court dismiss them a second time. Our stewardship requires better use of our limited judicial resources.").[7]

To the extent SanDisk argues that Plaintiff's motion should be denied on the ground that it "raises questions as to whether [Plaintiff's] proposed amendment is offered in good faith," the Court rejects this argument. Contrary to SanDisk's contention, Plaintiff's motion is not "littered with a disproportionate number of misstatements and omissions" suggesting bad faith. In this regard, SanDisk argues that the proposed amendments "go well beyond [the] mere addition of facts and clarifications of 'existing allegations' " as Plaintiff claims. However, the only specific amendments to which SanDisk objects concern the definition of the relevant antitrust market. Without elaboration or citation to portions of the proposed SAC, SanDisk asserts that Plaintiff seeks to change the definition of the relevant antitrust market from worldwide to the United States. A review of the proposed SAC does not support SanDisk's position. The proposed SAC alleges that "[t]he 'relevant geographic market' for the purchase of NAND flash memory is "worldwide, because raw and finished NAND flash memory can be manufactured and distributed on a global scale. The 'relevant market' refers to the worldwide market for raw and finished NAND flash memory that legally could be imported and sold into the United States without infringing any U.S. patents and without facing a risk of an ITC proceeding." Proposed SAC ¶ 27, Dkt. 132-1.

Further, a review of the instant motion does not support SanDisk's contention that Plaintiff is attempting to "circumvent" Judge Fogel's Order dismissing Plaintiff's conspiracy claim with prejudice. Plaintiff acknowledges that Judge Fogel granted SanDisk's motion to dismiss the FAC in part, i.e., dismissed his conspiracy claim. Moreover, as noted above, Plaintiff requests leave to reallege his conspiracy claim for the purpose of preserving his

---

[7] The Court notes that because the proposed SAC eliminates Harari as a defendant, the pleading does not implicate the Ninth Circuit's concern that requiring a plaintiff to reallege claims that have been dismissed may make a defendant whom dismissal has been granted "feel [he] must return to court to answer the same claims again." See Lacey, 693 F.3d at 927-928.

options on appeal, not to "circumvent" Judge Fogel's Order by attempting to "revive" this claim.

Finally, the Court rejects SanDisk's contention that Plaintiff's motion should be denied because the monopolization claim expressly relies on the facts alleged in support of the dismissed conspiracy claim. SanDisk has failed to show that granting leave to amend would be futile. SanDisk has not shown that Plaintiff's monopolization claim fails as a matter of law in the absence of the conspiracy claim allegations. Nor has SanDisk shown that it is appropriate to strike "the other allegations [throughout] the proposed SAC relating to the[] previously dismissed conspiracy claim" under Rule 12(f) of the Federal Rules of Civil Procedure. SanDisk has not cited any authority or provided persuasive legal analysis demonstrating that these allegations are "redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f).[8] Moreover, the Court finds that SanDisk's request to strike is more appropriately raised via a duly noticed motion under Rule 12(f). Indeed, the issue before the Court is whether leave to amend should be granted, not whether certain allegations in the proposed SAC should be stricken. SanDisk has not argued, let alone shown, that Plaintiff's request to include allegations in the proposed SAC "relating to the[] previously dismissed conspiracy claim" should be denied based on any of the Foman factors such as futility of amendment, bad faith, or undue prejudice.

In sum, Plaintiff's motion for leave to file a SAC is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion is denied to the extent Plaintiff requests leave to reallege his conspiracy to monopolize claim. Plaintiff's motion is granted in all other respects. SanDisk has not demonstrated that leave to amend should be denied with respect to the proposed amendments to the FAC. The arguments presented by SanDisk are insufficient to overcome Rule 15(a)'s liberal policy in favor of permitting amendment.

---

[8] Under Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

### C. Case Management Issues

This matter was scheduled for a telephonic case management conference ("CMC") to take place on July 18, 2013. The parties' Sixth Revised Joint Case Management Statement, Dkt. 139, filed in anticipation of the CMC raises a number of disputed issues, which are discussed below.

#### 1. Motion for Leave to Amend

The parties agree that Plaintiff's motion for class certification should be filed by no later than January 9, 2014. In relation to said motion, Plaintiff indicates that he intends to file "motions for leave to amend relating to issues of the identity of the class representative(s) and class definition" by November 25, 2013. Dkt. 139 at 3. SanDisk counters that the deadline to amend lapsed on June 7, 2013, and that Plaintiff has not shown good cause under Federal Rule of Civil Procedure 16(b)(4) to alter that deadline. Id.

As an initial matter, the Court has not yet entered a pretrial scheduling order establishing a specific deadline for amending the pleadings. But even if it had, Plaintiff would not be barred from seeking leave to amend. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992) (holding that a motion filed after deadline to amend is governed by the "good cause" requirement under Rule 16(b), as opposed to the liberal standard for permitting amendments under Rule 15(a)). That notwithstanding, the Court finds that granting Plaintiff until November 25, 2013 to file its motion for leave to amend will unduly and unnecessarily delay the proceedings. Therefore, the Court grants Plaintiff until September 10, 2013, to file its motion for leave to amend.

#### 2. Motion for Class Certification

The parties have proposed a briefing schedule on Plaintiff's motion for class certification which is acceptable to the Court. Dkt. 139 at 4. Accordingly, the briefing schedule shall be as follows:

- Motion for class certification – due by January 9, 2013;
- Opposition to motion – due by February 14, 2014;
- Reply to motion – due by March 10, 2014;

- Hearing on motion: April 1, 2014 at 1:00 p.m.

The parties should be aware that under this Court's Standing Orders, all motions, except motions for summary judgment, are limited to fifteen pages for the moving and opposition briefs and ten pages for the reply. Pursuant to Civil Local Rule 7-1(b), the Court may adjudicate the motion without a hearing. The parties are advised to check the Court's website to determine whether an appearance on the motion is necessary.

### 3. Depositions

Under Federal Rule of Civil Procedure 30, each party is limited to ten depositions, absent a court order permitting additional depositions. Each deposition is limited to one day for a maximum of seven hours. Fed.R.Civ.P. 30(d)(1).

Plaintiff seeks leave for 125 hours of fact depositions per side, for a total of 31 depositions. However, the Court finds that Plaintiff's request is premature. The parties' initial disclosures collectively identify fifteen unique witnesses, all of whom presumably could be deposed under the presumptive limits imposed by Rule 30. While discovery possibly could result in the identification of additional witnesses, the number of such witnesses, if any, remains unclear at this juncture. Accordingly, Plaintiff's request for additional depositions beyond the limits imposed by Rule 30 is denied without prejudice.[9]

### 4. Fact and Expert Discovery

The parties have proposed a fact discovery cut-off date of June 16, 2014, an expert disclosure/report deadline of July 15, 2014 and a rebuttal expert deadline of August 14, 2014. The Court typically does not stagger fact discovery and expert disclosure report deadlines in that manner. Thus, the Court sets July 14, 2014 as the deadline for fact discovery and expert reports. Rebuttal expert reports are due by August 14, 2014. Expert discovery shall be completed by August 30, 2014.

---

[9] Should Plaintiff later renew its request for additional depositions, such request will be referred to the magistrate judge assigned to address discovery matters. See Civ. L.R. 72-1.

### 5. Trial Schedule

The Court will discuss the trial schedule and set all other pretrial dates at the case management conference currently scheduled for October 7, 2013 at 3:00 p.m. Dkt. 140.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to file a SAC is GRANTED IN PART AND DENIED IN PART. Plaintiff shall file a SAC in accordance with this Order within seven (7) days from the date the Order is filed.

2. This Order terminates Docket 132.

IT IS SO ORDERED.

Dated: 7/26/13

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge