UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED T. GIULIANO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SANDISK CORPORATION,<br><br>    Defendant. | Case No. 10-cv-02787-SBA  (JSC)<br><br>**ORDER GRANTING IN PART MOTION TO COMPEL DOCUMENTS FROM THIRD PARTY**<br><br>Re: Dkt. No. 197 |

Plaintiffs bring this antitrust putative class action against Defendant SanDisk Corporation. Now pending before the Court is the parties' joint discovery brief regarding Plaintiffs' motion to enforce a subpoena for documents to non-party SK Hynix America Inc. ("SKHA"). Plaintiffs seek financial documents for use in damages modeling performed in connection with their upcoming motion for class certification. After carefully considering the parties' submissions, and having had the benefit of oral argument on May 8, 2014, Plaintiffs' motion is granted in part and denied in part as set forth below.

SKHA shall produce the requested sales information for its raw chips and finished products for 2007 through 2010. The Third Amended Complaint, the operative complaint, alleges that Plaintiffs represent a class of direct purchasers of "raw and finished NAND flash memory products." (Dkt. No. 150 ¶ 21.) The district court has not dismissed the claims brought on behalf of the flash memory chip direct purchasers for lack of standing; accordingly, those claims are presently in the case and the requested documents are therefore relevant to Plaintiffs' damages computation. That being said, SKHA is a competitor of SanDisk and the documents sought by Plaintiffs involve SKHA's highly sensitive commercial information. Federal Rule of Civil Procedure 45 provides that a court may quash or modify a subpoena if it seeks, among other

things, confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i). If, however, the requesting party shows a substantial need for the documents, the court may order them produced under specified conditions. Fed. R. Civ. P. 45(d)(3)(C)(i).

Plaintiffs have demonstrated a substantial need for the requested documents for the period 2007 through 2010. Moreover, SKHA's three to six year-old historical cost and sales data is less valuable than current or more recent financial data. Plaintiffs, however, have not shown a substantial need post-2010. The allegedly fraudulently patents expired in 2009 and thus sales made after the expiration of the patent are less likely to be related to, or have costs associated with, SanDisk's collection of royalties from those patents. While Plaintiffs speculate that SKHA may have licensing agreements with SanDisk that required it to pay royalties on the patent even after they expired, such speculation does not constitute a substantial need.

SKHA shall produce the documents in whatever form they are maintained within 14 days of the date of this Order. SKHA does not need to produce the requested data for PPN NAND products. The parties shall meet and confer on any needed modifications to the governing protective order.

This Order disposes of Docket No. 197.

**IT IS SO ORDERED.**

Dated: May 8, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge