# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALFRED T. GIULIANO, The Chapter 7 Trustee of the Ritz Bankruptcy Estate, On Behalf of Itself and Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SANDISK CORPORATION,<br><br>Defendant. | Case No.: 4:10-CV-02787-SBA<br><br>**STIPULATED ADDENDUM TO PROTECTIVE ORDER RE CONFIDENTIALITY** |

WHEREAS, on October 8, 2010, this Court entered a Stipulation and Protective Order, Dkt. No. 42, governing the treatment of confidential information and documents ("Protective Order");

WHEREAS, Plaintiffs sought an order compelling Non-Party SK Hynix America Inc. ("SKHA") to produce its highly confidential sales information;

WHEREAS, on May 8, 2014, the Court ordered SKHA to produce certain highly confidential sales information (*see* Dkt. No. 201);

WHEREAS, recognizing that SKHA is a competitor of SanDisk and the documents sought by Plaintiffs constitute SKHA's highly sensitive commercial information where the disclosure of such information would cause SKHA irreparable harm, the Court directed the parties to meet and confer on any needed modifications to the governing Protective Order to ensure that such information

1   remains confidential and is not disclosed to SKHA's competitors or the general public;

2       WHEREAS, consistent with the Court's directive, the parties have agreed to the terms of this

3   addendum to the Protective Order governing the protection and restrictions on the use of SKHA's

4   confidential sales information;

5       WHEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between SKHA and

6   all Parties to this Action that the Protective Order shall be amended as follows:

7       1.    SKHA may designate its confidential sales information as "Highly Confidential Non-

8   Party Information - Outside Counsel Only."

9       2.    Materials designated by SKHA as Highly Confidential Non-Party Information -

10  Outside Counsel Only ("Designated SKHA Material") shall be governed by the Protective Order,

11  subject to the modifications and added protections herein, and used only for the purposes of this

12  action and not for any other purpose or function, including without limitation any other legal or

13  administrative proceedings; or any business, competitive or governmental purpose or function.

14      3.    Unless otherwise ordered by the Court or permitted in writing by SKHA, Designated

15  SKHA Materials shall only be disclosed to:

16      (a) the Parties' Outside Counsel of Record in this action, as well as employees of said

17  Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

18  litigation;

19      (b) the Parties' Experts (i) to whom disclosure is reasonably necessary for this

20  litigation, (ii) who have signed Exhibit A to the Protective Order, and (iii) as to whom the procedures

21  set forth in Section 4.4.1 of the Protective Order apply;

22      (c) the Court and its personnel;

23      (d) court reporters and their staff, and Professional Vendors to whom disclosure is

24  reasonably necessary for this litigation and who have signed Exhibit A to the Protective Order; and

25      (e) the author or recipient of a document containing the information or a custodian or

26  other person who otherwise possessed or knew the information.

27      4.    A Party may not under any circumstances disclose information designated as "Highly

28  Confidential Non-Party Information - Outside Counsel Only" to its agents, contractors,

representatives, trustees, employees, in-house counsel, officers or directors.

5.   A Party that seeks to file with the Court any Designated SKHA Materials must comply with Civil Local Rule 79-5 and provide SKHA notice as required by Civil Local Rule 79-5(e).

6.   If a Party wishes to use, display, elicit testimony on or about, or otherwise introduce into evidence, including through trial exhibits and demonstratives, any information designated Highly Confidential Non-Party Information - Outside Counsel Only at a deposition, hearing, other pre-trial proceedings, or trial, the Party shall provide at least five days prior notice of that intent to SKHA's Counsel of Record by telephone and email.  Further, the Party seeking to disclose Designated SKHA Materials shall request that the Court only permit persons authorized under the Protective Order be present at those proceedings.  The use of Designated SKHA Materials at a deposition, hearing, trial or other proceedings shall not in any way affect its designation as "Highly Confidential Non-Party Information - Outside Counsel Only."

7.   Where a deposition, hearing, trial or other proceedings includes Designated SKHA Materials, at the time of the commencement of those proceedings, the Parties shall designate those proceedings "Highly Confidential Non-Party Information - Outside Counsel Only" and serve a copy of the transcript of those proceedings to SKHA.  Upon service of such a transcript, SKHA shall have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Transcripts containing Designated SKHA Materials shall have an obvious legend on the title page that the transcript contains such materials, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Designated SKHA Materials. Alternatively, where appropriate, SKHA may specify that the entire transcript shall be treated as "Highly Confidential Non-Party Information - Outside Counsel Only."

8.   Within 30 days after the final disposition of this action, all parties that received Designated SKHA Materials must return to SKHA or destroy all Designated SKHA Material.  As used in this subdivision, "all Designated SKHA Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Designated SKHA Material. Whether the Designated SKHA Material is returned or destroyed, the Receiving Party must submit a

1  written certification to SKHA (and, if not the same person or entity, to the Designating Party) by the
2  30-day deadline that (1) identifies all the Designated SKHA Material that was returned or destroyed
3  and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,
4  summaries or any other format reproducing or capturing any of the Designated SKHA Material.

K&L GATES LLP

Dated: May 27, 2014          By:   /s/ Jeffrey M. Ratinoff
                                   Jeffrey M. Ratinoff
                                   Attorneys for Non-Party
                                   SK HYNIX AMERICA INC.


BERRY LAW PLLC

Dated: May 27, 2014          By:   /s/ Stephen Berry
                                   Stephen Berry
                                   Attorneys for Plaintiffs


SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

Dated: May 27, 2014          By:   /s/ James Patrick Schaefer
                                   James Patrick Schaefer
                                   Attorneys for Defendant
                                   SANDISK CORPORATION

**IT IS SO ORDERED.**


Dated: _____, 2014      By:   _____
                                   JACQUELINE SCOTT CORLEY
                                   United States Magistrate Judge

## ATTESTATION

I, Jeffrey M. Ratinoff, am the ECF User whose ID and password are being used to file this Stipulation.  In compliance with General Order 45, X.B., I hereby attest that counsel for Plaintiffs and Defendant SanDisk Corporation concurred in this filing.

Dated:  May 27, 2014               By     /s/ Jeffrey M. Ratinoff
                                                                           Jeffrey M. Ratinoff