1  olleen Duffy-Smith (CA Bar No. 161163)
   MORGAN DUFFY-SMITH & TIDALGO LLP
2  1960 The Alameda, Suite 220
   San Jose, CA 95126
3  (408) 244-4570
   cduffysmith@mdstlaw.com
4
   [Additional counsel on
5  signature page]
6  *Attorneys for Plaintiffs*
7
8              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                  (OAKLAND DIVISION)
10
   _____
11 ALFRED T. GIULIANO, Chapter 7          )
   Trustee of the Ritz Estate, on Behalf  )     **CASE NO. CV 10-02787-SBA**
12 of the Ritz Estate; CPM Electronics Inc.; )
   E.S.E. Electronics, Inc; and MFLASH, Inc. )
13 On Behalf of Themselves and            )
   All Others Similarly Situated,          )     **NOTICE OF MOTION AND MOTION**
14                                         )     **TO STAY DISCOVERY AND OTHER**
                                           )     **CASE DEADLINES PENDING**
15                    Plaintiffs,          )     **RESOLUTION OF PLAINTIFFS'**
                                           )     **MOTION TO CERTIFY CLASS**
16          v.                             )
                                           )     **Hearing Date: November 18, 2014**
17 SANDISK CORPORATION                     )     **Time: 1:00 p.m.**
                                           )     **Courtroom: 1, Oakland**
18                    Defendant.           )     **Judge: Hon. Saundra B. Armstrong**
   _____ )
19
20      **NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AND OTHER CASE**
     **DEADLINES PENDING RESOLUTION OF PLAINTIFFS' MOTION TO CERTIFY CLASS**
21
22      PLEASE TAKE NOTICE THAT on November 18, 2014, at 1:00 p.m., at the above-entitled
23 Court, located at 1301 Clay Street, Oakland, California, in the courtroom of Hon. Saundra Brown
24 Armstrong, Plaintiffs Alfred T. Giuliano, Chapter 7 Trustee of the Ritz bankruptcy estate ("Trustee");
25 CPM Electronics Inc. ("CPM"); E.S.E. Electronics, Inc. ("E.S.E."); and MFLASH, Inc.
26 ("MFLASH") (collectively, "Plaintiffs"), will and hereby do move the Court, pursuant to Civil Local
27 Rules 7-1 and 7-2, for an order staying discovery and all other case deadlines not related to Plaintiffs'
28

Motion to Stay Discovery and Other          1          Case No. CV 10-02787-SBA
Case Deadlines Pending Resolution
of Plaintiffs' Motion to Certify Class

Motion to Certify Class (Dkt. No. 240) ("Plaintiffs' Class Certification Motion") pending the resolution of Plaintiffs' Class Certification Motion, or, in the alternative, an order extending all case deadlines unrelated to class certification pending resolution of Plaintiffs' Class Certification Motion, for the reasons set forth below.[1]

Plaintiffs respectfully request an order staying merits discovery and all other case deadlines not related to Plaintiffs' Class Certification Motion until 60 days after the Court resolves Plaintiffs' Class Certification Motion, or, in the alternative, an order extending all case deadlines unrelated to class certification until 60 days after the Court resolves Plaintiffs' Class Certification Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE

The issue is whether the Court should stay merits discovery and all other case deadlines not related to Plaintiffs' Class Certification Motion until 60 days after the Court resolves Plaintiffs' Class Certification Motion, or, in the alternative, whether the Court should issue an order extending all case deadlines unrelated to class certification until 60 days after the Court resolves Plaintiffs' Class Certification Motion

## BACKGROUND

Plaintiffs filed their Motion to Certify Class and for Appointment of Class Counsel on September 2, 2014, as well as a supporting expert report of Dr. Ryan Sullivan.  Dkt. No. 240.  On September 19, 2014, the Court denied SanDisk's motion to dismiss for lack of subject matter jurisdiction, granted Plaintiffs' motion for leave to file the Fourth Amended Complaint ("4AC"), and denied Plaintiffs' motion to modify the scheduling order to file a modified 4AC.  Dkt No. 243.

---

[1] Counsel for Plaintiffs has conferred with counsel for SanDisk Corporation ("SanDisk").  Counsel for SanDisk informed counsel for Plaintiffs that SanDisk opposes this motion.  *See* Edelson Decl., ¶ 5 (attached hereto as Ex. A).

Motion to Stay Discovery and Other
Case Deadlines Pending Resolution
of Plaintiffs' Motion to Certify Class
2
Case No. CV 10-02787-SBA

The parties have conducted significant document discovery relating to class certification and the merits, but they have focused depositions on topics relating to class certification. *See* Ex. A, ¶ 2. During merits discovery, Plaintiffs intend to conduct numerous depositions and may conduct additional document discovery relating to the merits, and they also plan to designate merits experts. *See id.*, ¶ 3. The parties have until November 14, 2014 – less than six weeks – to complete merits discovery and designate merits experts, all while briefing on Plaintiffs' Class Certification Motion is ongoing. *See* Dkt. No. 238. Plaintiffs' reply in support of their Class Certification Motion is due one week after the deadlines for merits discovery and designating merits experts, and the hearing on Plaintiffs' Motion is scheduled to take place more than two weeks later. *See id.*

## ARGUMENT

"The court has inherent authority to manage the cases before it." *IPVX Patent Holdings, Inc. v. 8X8, Inc.*, 2013 WL 6000590, at *1 (N.D. Cal. Nov. 12, 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). Applying that authority, courts stay proceedings when doing so would promote judicial economy and efficiency, avoid hardship or inequity, and not cause prejudice, and courts alter scheduling and other case deadlines for good cause. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."); Fed. R. Civ. P. 16(b)(4) (requiring good cause and the Judge's consent to modify a schedule); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (internal quotation marks and

citations omitted)); *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009).  Under the circumstances of this case, each factor weighs in favor of delaying discovery and all other case deadlines pending resolution of Plaintiffs' Class Certification Motion.

     *Judicial Economy.*  Staying all case deadlines pending the resolution of Plaintiffs' Class Certification Motion would promote judicial economy and efficiency by avoiding wasting valuable time and resources of the Court and the parties.  Currently, the parties must conclude merits discovery – which will require conducting numerous depositions and potentially additional document discovery, and also will likely require resolution of discovery disputes, of which there already have been many, *see*, *e.g.*, Dkt. Nos. 181, 222 – and complete merits expert reports one week before Plaintiffs' reply in support of their Class Certification Motion is due and more than two weeks before the Court conducts its hearing on Plaintiffs' Class Certification Motion.  *See* Dkt. No. 238.  Not to mention, the parties must prepare rebuttal expert reports, complete expert discovery, and file dispositive motions shortly after the class certification hearing.  *See id.*

     Depending on the Court's ruling on Plaintiffs' Class Certification Motion, the substantial costs and time to complete these tasks may be entirely unnecessary.  In light of the Court's denial of Plaintiffs' motion to modify the scheduling order to file the modified 4AC, developments in discovery, and Plaintiffs' expert's analysis in support of Plaintiffs' Class Certification Motion (Dkt. No. 240-1), Plaintiffs' individual damages claims may not justify proceeding with this litigation.  *See* Ex. A, ¶ 4.  Moreover, given the scale of the case and the proof involved, it would be impractical and uneconomical to proceed with individual suits on behalf of individual class members, because the potential recoveries do not warrant incurring the litigation expense.  *See* Dkt. No. 240, at 15 ("Each of the hundreds of direct purchasers would be unlikely to pursue their claims against SanDisk

**Motion to Stay Discovery and Other**
**Case Deadlines Pending Resolution**
**of Plaintiffs' Motion to Certify Class**
4
**Case No. CV 10-02787-SBA**

individually; as the data reflects, many of these purchasers suffered total overcharges in the hundreds or thousands of dollars, which would not justify the costs of litigation.").

If the Court denies Plaintiffs' Class Certification Motion, upcoming merits discovery, ensuing discovery disputes, expert reports, time spent drafting or ruling on dispositive motions, and all pretrial work would be an unnecessary and avoidable waste of the Court's and the parties' resources. *See IPVX Patent Holdings*, 2013 WL 6000590, at *2 ("Staying discovery will avoid the possibility that the parties will unnecessarily expend time and resources conducting discovery. If the motion to disqualify Plaintiff's counsel is granted, the parties will have wasted time and resources propounding and responding to discovery requests."); *Meints v. Regis Corp.*, 2010 WL 3058300, at *3 (S.D. Cal. Aug. 2, 2010) (holding that it would waste judicial resources to proceed to class discovery where class action may be barred by a settlement in another case).[2] Similarly, the Court may certify a class with fewer members than Plaintiffs' proposed class or it may alter the contours of Plaintiffs' proposed class, *see* Dkt. No. 240, at 2-3, potentially affecting the issues and proof Plaintiffs must establish and thus potentially rendering unnecessary certain merits discovery and other work that may take place absent a stay or extension. *See Thomas v. Moore USA*, 194 F.R.D. 595, 604 (S.D. Ohio 1999) (deferring resolution of discovery dispute until after ruling on motions for summary judgment

---

[2] *See also Karoun Dairies, Inc. v. Karlacti, Inc.*, 2013 WL 4716202, at *3 (S.D. Cal. Sept. 3, 2013) (discussing avoidable hardship to the court, the litigants, and the witnesses); *Fuller*, 2009 WL 2390358, at *1-*2 (granting motion to stay proceedings pending MDL panel where a stay would conserve the resources of the Court and the parties and avoid duplicative or unnecessary tasks); *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, at *7-*8 (N.D. Cal. May 27, 2009) (granting stay where dispositive motion pending); *Asis Internet Servs. v. Member Source Media, LLC*, 2008 WL 4164822, at *2-*3 (N.D. Cal. Sept. 8, 2008); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1571 (11th Cir. 1992) ("[C]ourts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.") (citing *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982)); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665-66 (D. Minn. 2002).

Motion to Stay Discovery and Other
Case Deadlines Pending Resolution
of Plaintiffs' Motion to Certify Class

5

Case No. CV 10-02787-SBA

and class certification because "the scope of the parties' present discovery dispute will be narrowed significantly once the issue of class certification is resolved").

*Hardship to Plaintiffs.*  Were the case deadlines left as is, Plaintiffs would be forced to conduct costly merits discovery, including numerous depositions and potential additional motion practice to resolve discovery disputes, as well as incur significant costs associated with merits expert reports and defending the depositions of those experts.  This time and effort may be wasted if the Court denies Plaintiffs' Class Certification Motion.  *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Karoun Dairies*, 2013 WL 4716202, at *3-*4 (denying stay would prejudice both parties because it would require them to spend significant time and money litigating issues that may be invalidated by a pending Ninth Circuit decision).

*No Prejudice to Defendant.*  Staying or extending the case deadlines would not prejudice SanDisk.  First, there is no risk that evidence would be lost, as most documents responsive to the parties' discovery requests have already been produced.  *See CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962); *Fuller*, 2009 WL 2390358, at *1.  Indeed, if the Court extends the case deadlines instead of staying them, SanDisk would remain free to continue pursuing merits discovery and file dispositive motions.  Second, extending the deadlines would not generate any difficult line-drawing questions regarding whether certain discovery exceeds class certification issues, because class discovery is substantially complete.  *See* Ex. A, ¶ 2.  Nor can SanDisk claim that it is somehow prejudiced by the amount of time it has taken to litigate this case; its conduct during discovery has forced the parties to seek numerous extensions of deadlines.  *See, e.g.*, Dkt. Nos. 171, 181, 183, 194, 222, 225.  In any case, the extension will be temporary – only lasting while the Court considers Plaintiffs' Class Certification Motion.  *See Kassab v. San Diego Police Dep't*, 2013 WL 4027779, at

*4 (S.D. Cal. Aug. 6, 2013) ("Simply because the litigation has been ongoing for several years does not mean Defendants will be harmed by a ten-month delay.  Indeed, the Court views the delay as a minor set-back given the lengthy proceedings.  Moreover, as the stay is for a limited period, Defendants are in no danger of being denied their procedural due process rights."); *Fuller*, 2009 WL 2390358, at *1 (no meaningful prejudice where, *inter alia*, "any delay caused by this stay will be of very short duration"); *Portillo v. Almager*, 2008 WL 4965945, at *1-*2 (S.D. Cal. Nov. 20, 2008) (holding that petitioner would not be damaged by short stay).  If the Court stays or extends the case deadlines, SanDisk could save resources and avoid unnecessary costs, and its defense would continue unimpeded if the Court granted Plaintiffs' Class Certification Motion and the case proceeds on the merits at that time.  *See IPVX Patent Holdings*, 2013 WL 6000590, at *2 (staying discovery where, *inter alia*, Party opposing the stay "has not shown that a limited stay of discovery will impose any unfair prejudice on it"); *CMAX*, 300 F.2d at 269; *Hanni*, 2009 WL 1505286, at *8 ("[S]taying discovery now will not prejudice Plaintiffs in any way by cutting their discovery window short. Rather, the stay will phase this case in order to prevent the parties from incurring unnecessary costs."); *Asis Internet Servs.*, 2008 WL 4164822, at *3.

## CONCLUSION

Plaintiffs respectfully request that the Court grant this motion to stay the deadline for merits discovery and all other case deadlines not related to Plaintiffs' Class Certification Motion until 60 days after the Court resolves Plaintiffs' Class Certification Motion, or, in the alternative, to extend all case deadlines unrelated to class certification until 60 days after the Court resolves Plaintiffs' Class Certification Motion.

**Motion to Stay Discovery and Other
Case Deadlines Pending Resolution
of Plaintiffs' Motion to Certify Class**                    7                    **Case No. CV 10-02787-SBA**

1 | Dated: October 6, 2014

Respectfully submitted,

2

/s/ R. Stephen Berry

Steven F. Benz (D.C. Bar No. 428026)
Joseph S. Hall (D.C. Bar No. 475057)
Alexander S. Edelson (D.C. Bar No. 1006041)
KELLOGG, HUBER, HANSEN, TODD,
    EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
sbenz@khhte.com
jhall@khhte.com
aedelson@khhte.com

Norman E. Siegel
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101

Jason S. Hartley (CA Bar No. 192514)
STUEVE SIEGEL HANSON LLP
550 West C Street, Suite 1750
San Diego, California 92101
Telephone: 619-400-5822
Facsimile:   619-400-5832

R. Stephen Berry (D.C. Bar No. 234815)
BERRY LAW PLLC
1717 Pennsylvania Avenue, N.W.
Suite 450
Washington, D.C. 20006
Telephone:  (202) 296-3020
Facsimile:  (202) 296-3038
sberry@berrylawpllc.com

Colleen Duffy-Smith (CA Bar No. 161163)
MORGAN DUFFY-SMITH &
    TIDALGO LLP
1960 The Alameda, Suite 220
San Jose, CA 95126
Telephone:  (408) 244-4570
cduffysmith@mdstlaw.com

*Attorneys for Plaintiffs*

**Motion to Stay Discovery and Other
Case Deadlines Pending Resolution
of Plaintiffs' Motion to Certify Class**               8               **Case No. CV 10-02787-SBA**

**CERTIFICATE OF SERVICE**

I, Alexander S. Edelson, hereby certify that, on October 6, 2014, the foregoing was served via the Court's electronic notification upon counsel for SanDisk.


/s/ Alexander S. Edelson

**Motion to Stay Discovery and Other**
**Case Deadlines Pending Resolution**
**of Plaintiffs' Motion to Certify Class**                                    **Case No. CV 10-02787-SBA**