RAOUL D. KENNEDY (Bar No. 40892)
DAVID W. HANSEN (Bar No. 196958)
JAMES P. SCHAEFER (Bar No. 250417)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California  94301-1908
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570
Raoul.Kennedy@skadden.com
David.Hansen@skadden.com
James.Schaefer@skadden.com

MICHAEL H. MENITOVE (*pro hac vice* pending)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:    (212) 735-3000
Facsimile:     (212) 735-2000
Michael.Menitove@skadden.com

Attorneys for Defendant,
SANDISK CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ALFRED T. GIULIANO, Chapter 7 Trustee of the Ritz Estate, on Behalf of the Ritz Estate; CPM Electronics Inc.; E.S.E. Electronics, Inc., and MFLASH, Inc.<br><br>On Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANDISK CORPORATION,<br><br>    Defendant. | CASE NO.  CV 10-02787-SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF PLAINTIFFS' EXPERT DR. RYAN SULLIVAN** |

1  Defendant SanDisk Corporation ("SanDisk") has filed this Motion to Exclude the Report
2 and Testimony of Plaintiffs' Expert Dr. Ryan Sullivan pursuant to Rule 702 of the Federal Rules of
3 Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).
4  Dr. Sullivan's opinions related to market power and market concentration are contrary to
5 law and, therefore, should be excluded as unreliable and unhelpful to the trier of fact.  *See, e.g.*,
6 *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 2571332, at \*6 (N.D. Cal.
7 June 30, 2012); *Bailey v. Allgas, Inc.*, 148 F. Supp. 2d 1222, 1245-46 (N.D. Ala. 2000), *aff'd*, 284
8 F.3d 1237 (11th Cir. 2002).  In addition, his opinions are inadmissible because they are based on
9 evidence relating to the wrong product market.  *See Champagne Metals v. Ken-Mac Metals, Inc.*,
10 458 F.3d 1073, 1079 (10th Cir. 2006).
11  With regard to impact and damages, Dr. Sullivan's opinions are excluded because his
12 regression model is "'so incomplete as to be inadmissible as irrelevant.'"  *See Freeland v. AT & T*
13 *Corp.*, 238 F.R.D. 130, 147 (S.D.N.Y. 2006) (quoting *Bazemore v. Friday*, 478 U.S. 385, 400 n.10
14 (1986)).  In addition, Dr. Sullivan's opinions are unreliable because they are based on unsupported
15 assumptions, *see McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 807-08 (9th Cir. 1998), and also do
16 not fit the facts of the case because those assumptions are contrary to market realities.  *See Concord*
17 *Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000).
18  For the reasons stated above, IT IS HEREBY ORDERED THAT:
19  Defendant's Motion to Exclude the Report and Testimony of Plaintiffs' Expert Dr. Ryan
20 Sullivan is GRANTED.

IT IS SO ORDERED.

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge