UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALFRED T. GIULIANO, Chapter 7 Trustee of the Ritz Estate; CPM ELECTRONICS INC.; E.S.E. ELECTRONICS, INC.; and MFLASH, INC., on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>SANDISK CORPORATION,<br><br>    Defendant. | Case No: C 10-02787 SBA<br><br>**ORDER**<br><br>Docket 245 |

Plaintiffs bring the instant putative class action against SanDisk Corporation ("SanDisk"), alleging claims for relief under § 2 of the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. § 2. The parties are presently before the Court on Plaintiffs' motion to stay discovery and other case deadlines pending resolution of their motion for class certification. SanDisk opposes the motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiffs' motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **DISCUSSION**

Plaintiffs move for an order staying merits-based discovery and other case deadlines established by the Court[1] until 60 days after the Court resolves their motion for class certification, or, in the alternative, an order extending case deadlines until 60 days after the

---

[1] Plaintiffs move to extend all pretrial deadlines, except the deadline for joinder of parties and the deadline to amend the pleadings.

1  Court resolves their motion for class certification. The fact discovery deadline is
2  November 14, 2014, while the hearing on Plaintiffs' motion for class certification is
3  scheduled for December 1, 2014. In light of the deadlines established by the Court in the
4  Pretrial Scheduling Order ("Scheduling Order") and the relief requested by Plaintiffs, the
5  Court views Plaintiffs' motion as a motion to modify the Scheduling Order. Indeed, if the
6  stay requested by Plaintiffs is granted, the pretrial deadlines will be modified. As such, the
7  Court finds that Rule 16 of the Federal Rules of Civil Procedure governs the instant motion.
8      Rule 16 provides that deadlines established in a case management order may "be
9  modified only for good cause[.]" Fed.R.Civ.P. 16(b)(4). "Rule 16(b)'s 'good cause'
10 standard primarily considers the diligence of the party seeking the amendment." Johnson v.
11 Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Coleman v. Quaker Oats
12 Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "The district court may modify the pretrial
13 schedule 'if it cannot reasonably be met despite the diligence of the party seeking the
14 extension.' " Johnson, 975 F.2d at 609. Where the moving party has not been diligent, the
15 inquiry ends and the motion should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d
16 1080, 1087 (9th Cir. 2002). "[C]arelessness is not compatible with a finding of diligence
17 and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.
18     In the instant motion, Plaintiffs contend that an extension of the pretrial deadlines is
19 warranted because merits discovery and other pretrial work might be unnecessary and a
20 waste of resources if the Court denies their motion for class certification given that the
21 Plaintiffs' individual claims "may not justify proceeding with this litigation." Further,
22 Plaintiffs argue that an extension of the pretrial deadlines is warranted because certain
23 merits discovery and other pretrial work might be unnecessary if the Court certifies a class
24 with fewer members than their proposed class or alters the "contours" of their proposed
25 class. According to Plaintiffs, such a ruling could "potentially" affect the issues and proof
26 they must establish. For the reasons that follow, the Court finds that Plaintiffs have failed
27 to show good cause to modify the Scheduling Order.
28

On October 18, 2013, the Court issued a Scheduling Order establishing various pretrial deadlines. Specifically, the Court established September 16, 2014 as the deadline to complete fact discovery.[2] In doing so, the Court allocated almost a year for the parties to complete fact discovery, which was in addition to the nearly ten months the parties had to conduct fact discovery following the mandate issued by the Federal Circuit on December 31, 2012.[3] Based on the parties' joint request, the fact discovery deadline was extended to November 14, 2014. Now, less than six weeks before the fact discovery deadline, Plaintiffs request an extension of this deadline and other pretrial deadlines to "potentially" avoid the expenditure of unnecessary costs, including costs associated with merits-based discovery. However, Plaintiffs have not argued, let alone shown, that they cannot meet the fact discovery deadline or any other pretrial deadline despite the exercise of reasonable diligence. In their moving papers, Plaintiffs represent that they intend to conduct numerous depositions and that they may conduct additional document discovery related to the merits. In response, SanDisk asserts that fact discovery is complete except for a "handful" of depositions that can "easily and efficiently" be completed by the discovery deadline. In reply, Plaintiffs provide evidence showing that the parties have each recently noticed four depositions. Plaintiffs, however, did not identify any other discovery that they intend to conduct before the discovery deadline. Nor do they contend that the recently noticed

---

[2] Discovery was not bifurcated in this case, with class discovery occurring first followed by discovery on the merits. As SanDisk points out, Plaintiffs have consistently taken the position that class and merits discovery should not be bifurcated. Indeed, on September 3, 2010 and again on February 20, 2013, Plaintiff Ritz Camera & Image, LLC represented to the Court that bifurcation of discovery would be inefficient and would prevent discovery needed to meet class certification prerequisites.

[3] As the parties are well aware, this case was filed in 2010 and assigned to the Honorable Jeremy Fogel. In December 2010, Judge Fogel issued an order staying all discovery, including initial disclosures, pending a decision on Defendants' motion to dismiss. In February 2011, Judge Fogel granted in part and denied in part Defendants' motion to dismiss. In September 2011, Judge Fogel granted Defendants' request to certify his order for interlocutory appeal to the Federal Circuit. In addition, Judge Fogel granted Defendants' request to stay discovery pending resolution of the appeal. The case was subsequently reassigned to the undersigned and administratively closed in October 2011 pending SanDisk's appeal. In November 2012, the Federal Circuit affirmed Judge Fogel's order. The mandate issued on December 31, 2012.

depositions cannot be completed by the discovery deadline.  Accordingly, Plaintiffs' have not shown good cause to modify the Scheduling Order.

Finally, the Court rejects Plaintiffs contention that a stay (i.e., an extension) of the pretrial deadlines is appropriate because it will promote judicial economy[4] and efficiency, avoid unnecessary costs, and not cause any prejudice to SanDisk.  Even assuming for the sake of discussion that these factors are relevant to determining whether the Scheduling Order should be modified, Plaintiffs have failed to demonstrate that an extension of the pretrial deadlines will promote judicial economy or efficiency, or avoid unnecessary costs. Plaintiffs' arguments in this regard are predicated on future events that may not materialize, including the Court's denial of their motion for class certification.  Further, Plaintiffs have not shown that the delay which would result from the relief they seek would not prejudice SanDisk.  See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion to stay discovery and other case deadlines pending resolution of their motion for class certification is DENIED.

2. This Order terminates Docket 245.

IT IS SO ORDERED.

Dated:  November 3, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] According to Plaintiffs, an extension of the fact discovery deadline will promote judicial economy by avoiding "potential" motion practice related to merits-based discovery disputes.